UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRENZO TOWING AND RECOVERY INC. )<br>)<br>    Plaintiff/Counterclaim Defendant  )<br>)<br>)<br>v.                                                                   )<br>)<br>)<br>OWNER-OPERATOR INDEPENDENT      )<br>DRVIERS ASSOCIATION, INC. and          )<br>OWENR-OPERATOR SERVICES, INC.     )<br>)<br>    Defendants.                                  )<br>   and                                                        )<br>)<br>OOIDA RISK RETENTION GROUP, INC. )<br>)<br>    Defendant/Counterclaim Plaintiff.   )<br>) | CIVIL ACTION<br>NO. 4:16-10073 |

**May 4, 2016**

**ORDER**

Hennessy, M.J.

In its complaint, plaintiff/counterclaim defendant Direnzo Towing and Recovery Inc. ("Direnzo") seeks recovery for towing, recovery, storage, and property damage remediation services it allegedly provided in connection with a February 2014 motor vehicle accident involving defendant/counterclaim plaintiff OOIDA Risk Retention Group, Inc.'s ("OOIDA") insured, Kings Trucking Corp. (Kings"). See generally Docket # 1-1. According to the complaint, Direnzo obtained a default judgment in Worcester County Superior Court against Kings in the amount of $167,700.95 plus interest and costs. See id. at ¶¶ 46-51; Docket # 14 at p. 2. OOIDA's Answer includes a counterclaim which essentially seeks a declaration that OOIDA is not obligated to

indemnify Kings and thus not required to pay Direnzo for the judgment it obtained. See Docket # 7 at pp. 10-15. Now before the court is Direnzo's motion to dismiss OOIDA's counterclaim, Docket # 13-14,[1] which is denied without prejudice for its failure to comply with Local Rule 7.1(a)(2).

Local Rule 7.1(a)(2) makes clear that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." As recently explained by the court in Martinez v. Hubbard, No. 09 Civ. 11431, 2016 WL 1089227 (D. Mass. Mar. 18, 2016),

> [a] Local Rule 7.1 certification is not an empty exercise. Local Rule 7.1 serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well.

Id. at *6. The briefing in connection with Direnzo's motion illustrates the necessity for Rule 7.1 certifications. Direnzo's first argument, for instance, is that a declaratory judgment as requested by OODIA is an improper vehicle for the relief sought in OOIDA's counterclaim, since, in Direnzo's view, OOIDA counterclaims fail to raise an actual case or controversy, as is required for such a judgment to issue. See Docket # 14 at pp. 3-5. In opposition, OOIDA writes that Direnzo's arguments "wholly mischaracterize, or demonstrate a misunderstanding of, the procedural posture of this case, the legal merit of this case and the relief sought by means of the OOIDA Counterclaim." See Docket # 15 at p. 1.

A Rule 7.1 conference would have proven particularly useful here. There appears to stand between the parties a critical misunderstanding of matters as fundamental as this case's posture and the relief sought by OOIDA. A motion arising, at least in part, from such confusion "impedes

---

[1] OOIDA filed an opposition on February 25, 2016. See Docket # 15.

the court's process," see Martinez, 2016 WL 1089227, at *6, and presumably could have been limited—if not altogether avoided—by a good faith attempt to resolve or narrow these issues. Accordingly, Direnzo's motion is denied without prejudice.[2] The parties are directed to confer about the issues underlying Direnzo's motion, which, if still necessary after such efforts, may be refiled.

## CONCLUSION

In accordance with the foregoing, Direnzo's motion to dismiss (Docket # 13) is denied without prejudice.

/s/ David H. Hennessy  
David H. Hennessy  
UNITED STATES MAGISTRATE JUDGE

---

[2] I note that on May 2, 2016 the parties filed a refusal to consent to proceed before a magistrate judge. See Docket # 17. Because, however, "denials without prejudice are non-dispositive orders because [the moving party] has leave to refile," McCain v. California Highway Patrol, No. 11 Civ. 1265, 2011 WL 6328221, at *1 n.1 (E.D. Cal. Dec. 16, 2011), the present order falls within this court's authority. If Direnzo refiles, its subsequent motion will be considered by the District Judge assigned to this matter.