UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRENZO TOWING AND RECOVERY, INC. ) <br> ) <br>     Plaintiff/Counterclaim Defendant ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> OWNER-OPERATOR INDEPENDENT ) <br> DRVIERS ASSOCIATION, INC. and ) <br> OWNER-OPERATOR SERVICES, INC. ) <br> ) <br>     Defendants. ) <br>     and ) <br> ) <br> OOIDA RISK RETENTION GROUP, INC. ) <br> ) <br>     Defendant/Counterclaim Plaintiff. ) <br> ) | CIVIL ACTION <br> NO. 4:16-cv-10073 |

## ORDER

### October 2, 2017

Hennessy, M.J.

In its current posture, this is an action against an insurer seeking to establish coverage under an insurance policy. Plaintiff/counterclaim defendant Direnzo Towing and Recovery, Inc. ("Direnzo") seeks to reach and apply insurance proceeds from Defendant/counterclaimant OOIDA Risk Retention Group, Inc. ("RRG") for towing, recovery, storage, and property damage remediation services Direnzo allegedly provided in connection with a February 2014 motor vehicle accident involving RRG's insured, Kings Trucking Corp. ("Kings"). See generally Docket #1-1. According to its complaint, Direnzo obtained a default judgment in Worcester County Superior Court against Kings in the amount of $167,700.95 plus interest and costs. See id. at ¶¶ 46-51; Docket #14 at 2. Direnzo and RRG have advanced competing declaratory judgment claims

1

seeking to resolve whether RRG's insurance contract with Kings (the "insurance contract") requires RRG to provide indemnity in this action. See Docket #1-1 at 13-14 (Direnzo's complaint); Docket #7 at 10-15 (RRG's counterclaim).

Now before me by way of referral, see Docket #57; 28 U.S.C. § 636(b)(1)(A), are two requests by Direnzo for leave to file motions to compel discovery from RRG. First, Direnzo seeks to compel RRG to further respond to Direnzo's first set of interrogatories. See Docket #55. Second, Direnzo's seeks further responses to its first set of document requests. See Docket #56. For the reasons that follow, both requests are DENIED without prejudice.[1]

I. BACKGROUND

Earlier in this litigation, Direnzo unsuccessfully moved to dismiss RRG's counterclaim seeking a declaratory judgment of no coverage for Direnzo's alleged damages as reflected in the Superior Court judgment. See Docket #19; Docket #26. In the District Court's order denying that motion, issued November 29, 2016, the Court instructed the parties to proceed with discovery only as required to prosecute motions for summary judgment on their declaratory judgment claims. Docket #26. That order remains in effect.

On October 28, 2016, Direnzo served on RRG a First Set of Interrogatories and a First Set of Requests for Production of Documents. Docket #55 at 1; Docket #56 at 1. RRG responded to some interrogatories on January 19, 2017 and to some document requests on February 15, 2017. Docket #55 at 1; Docket #56 at 1. RRG then produced supplemental documents and interrogatory responses on May 26, 2017. Docket #55 at 1; Docket #56 at 1. Direnzo maintains that RRG has responded inadequately to its interrogatories ##1-2 and 4-9 and has improperly failed to respond altogether to interrogatories ##11-13. Docket #55 at 2. As for its document requests, Direnzo

---

[1] Because I deny Direnzo's requests on their merits, see infra, I do not consider RRG's argument that the requests are untimely. See Docket #60 at 8-9; Docket #61 at 5-6.

asserts that RRG's responses remain deficient as to requests ##1-8, 10-15, 17-27, and 65, and Direnzo accuses RRG of wrongfully offering no response at all to requests ##9, 16, 28-64, and 66-67. Docket #56 at 2. Because I find Direnzo's arguments for compelling this discovery legally unpersuasive, I do not recount here the substance of the contested interrogatories and document requests, which can be found in the parties' filings. See Docket #55-2 at 5-8 (interrogatories); Docket #56-2 at 5-12 (document requests); see also Docket #60 at 5-8 (RRG's summary of the contested document requests).

> Direnzo submits that it needs the contested discovery materials
>
> to properly litigate this case and to, among other things, properly assess the reasonableness of [RRG's] investigation of Direnzo's service, to properly assess the reasonableness of [RRG's] policy evaluation and coverage determination, to properly assess whether [RRG's] denial of payment to Direnzo was appropriate and/or lawful, to properly assess the reasonableness of [RRG's] claims handling, and to respond to [RRG's] Motion for Summary Judgment.

Docket #55 at 2; accord Docket #56 at 2. Direnzo's supporting memorandum of law specifies that Direnzo seeks this discovery in order to support two legal arguments: first, "that the [insurance] contract is vague, but the extrinsic evidence is sufficient to determine coverage . . . as a matter of law," and second, "that the contract is vague and coverage is a question of fact for a jury to decide." Docket #66 at 2-3.

II. STANDARD

> The scope of discovery generally extends to: any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). This rule affords the trial court "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998).

III. ANALYSIS

Direnzo explains that the contested discovery relates to potential legal arguments regarding the purported ambiguity of RRG's insurance contract with Kings. Specifically, Direnzo argues it needs this discovery to properly advance in its forthcoming summary judgment motion alternative arguments that 1) extrinsic evidence resolves the contract's ambiguity in its favor, and 2) the contract's ambiguity renders the issue of coverage a factual question for a jury. See Docket #66 at 2-3. I conclude that Direnzo's reasoning does not comport with Massachusetts law,[2] and I find that, at this stage of litigation, the materials Direnzo seeks fall outside the scope of permissible discovery.

Direnzo's arguments presume that if the Court deems the insurance contract ambiguous, Direnzo may adduce extrinsic evidence—i.e., evidence outside the contract itself—to resolve the ambiguity in its favor. See Docket #66 at 2-3. Massachusetts law contradicts this premise. When interpreting an insurance agreement, the Massachusetts courts simply resolve contractual ambiguities against the drafter, which invariably is the insurer.[3] E.g., Utica Mut. Ins. Co. v. Herbert H. Landy Ins. Agency, Inc., 820 F.3d 36, 42 (1st Cir. 2016) (quoting Metropolitan Prop. & Cas. Ins. Co. v. Morrison, 460 Mass. 352, 362-63 (2011)); Winbrook Commc'n Servs., Inc. v. United States Liab. Ins. Co., 89 Mass. App. Ct. 550, 556 (2016) (quoting City Fuel Corp. v. National Fire Ins. Co. of Hartford, 446 Mass. 638, 640 (2006)) ("Doubts created by any ambiguous

---

[2] Neither party has disputed that Massachusetts law governs this diversity action.
[3] An inapplicable exception to this doctrine applies when "specific policy language is controlled by statute or prescribed by another authority." Utica Mut. Ins. Co. v. Herbert H. Landy Ins. Agency, Inc., 820 F.3d 36, 42 (1st Cir. 2016) (quoting Mass. Insurers Insolvency Fund. v. Smith, 458 Mass. 561, 565 (2010)).

words or provisions are to be resolved against the insurer."); Aug. A. Busch & Co. of Mass. v. Liberty Mut. Ins. Co., 339 Mass. 239, 242–43 (1959) (citations omitted) ("In view of [a contractual] ambiguity, doubts as to the intended meaning of the words must be resolved against the insurance company that employed them and in favor of the insured."). This principle applies in full measure to actions, like this one, in which a non-party to an insurance contract seeks recovery directly from an insurer pursuant to Massachusetts's "reach and apply" statute.[4] See, e.g., Bagley v. Monticello Ins. Co., 430 Mass. 454, 459 n.2 (1999) (quoting Barnstable County Mut. Fire Ins. Co. v. Lally, 374 Mass. 602, 605 (1978)) (noting in a reach and apply action that "[b]ecause the terms of the exclusion are plain and free from ambiguity . . . we do not . . . construe them strictly against the insurer" (first omission and second alteration in original)); Bulyga v. Underwriters at Lloyd's, London, 1 Mass. App. Ct. 359, 362–63 (1973) (citations omitted) (applying in a reach and apply action the "well established [doctrine] that any ambiguity in the language of a policy must be construed in favor of the insured"). The parties' declaratory judgment claims thus turn on whether the insurance contract's relevant language is plain and free of ambiguity.[5]

Direnzo's other argument—that it needs this discovery to convince the Court that the insurance contract's ambiguity generates a factual question for a jury to decide—is incorrect. Massachusetts law makes clear that "[t]he interpretation of an insurance contract is a question of

---

[4] See Mass. Gen. Laws ch. 214, § 3(9) (2017).
[5] To the extent that Direnzo seeks to demonstrate through extrinsic evidence that the insurance contract's language is ambiguous in the first place, that is an improper use of parol evidence. See, e.g., ITT Corp. v. LTX Corp., 926 F.2d 1258, 1261 (1st Cir. 1991) (citations omitted) ("Under Massachusetts law, parol evidence may not be admitted to contradict the clear terms of an agreement, or to create ambiguity where none otherwise exists."); Gen. Convention of New Jerusalem in the U.S. of Am., Inc. v. MacKenzie, 449 Mass. 832, 36 (2007) (citations omitted) ("[E]xtrinsic evidence may be admitted when a contract is ambiguous on its face or as applied to the subject matter. The initial ambiguity must exist, however."). Direnzo's citation to Browning-Ferris Indus., Inc. v. Casella Waste Mgmt. of Mass., Inc., 79 Mass. App. Ct. 300 (2011), only undermines its position on this point. See id. at 307 ("Once a contractual ambiguity emerges, . . . [t]he fact finder may then consult extrinsic evidence . . . ." (emphasis added)).

5

law" that courts, not juries, resolve. Fuller v. First Fin. Ins. Co., 448 Mass. 1, 5 (2006) (citing Home Ins. Co. v. Liberty Mut. Fire Ins. Co., 444 Mass. 599, 601–602 (2005); Chenard v. Commerce Ins. Co., 440 Mass. 444, 445, (2003)).

In short, the materials Direnzo seeks would not bolster its declaratory judgment claim. And because discovery presently is limited to the parties' declaratory judgment claims only, see Docket #26, Direnzo's efforts to compel production therefore fail the requirements imposed by Federal Rule of Civil Procedure 26(b)(1). Most notably, for all the reasons set forth above, I find that the discovery now sought is of minimal "importance . . . in resolving the issues" and that its "burden or expense . . . outweighs its likely benefit" at this time. Fed. R. Civ. P. 26(b)(1). However, should this case enter discovery on Direnzo's non-declaratory judgment claims, Direnzo may (or may not) be entitled to some or all of the documents and responses it seeks. If so—and if the parties cannot resolve the matter themselves—Direnzo may refile these requests.

## **CONCLUSION**

Direnzo's requests for leave to file motions to compel discovery responses to Plaintiff's first set of interrogatories (Docket #55) and to Plaintiff's first requests for production of documents (Docket #56) are DENIED without prejudice.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE